The Winfield National Bank of Winfield, Kansas, v. R. C. Maurer.

**No. 13,871.**   ( 79 Pac. 131.)

Error from Cowley district court; James Lawrence, judge.   Opinion filed January 7, 1905.   Affirmed.

*Roberts & Richardson,* and *James McDermott,* for plaintiff in error.

*S. A. Smith,* for defendant in error.

*Per Curiam:* R. C. Maurer gave to F. B. Rogers a promissory note, which Rogers indorsed to the Winfield National Bank.   Rogers and the cashier of the bank, William E. Otis, were engaged in the cattle business under an arrangement by which profits were to be divided.   Near the time the note matured Rogers purchased of Maurer some feed for the cattle belonging to himself and Otis.   In settling for the feed the amount of the note was deducted, and a check on the bank was given by Rogers for the balance.   Some years afterward the bank sued Maurer on the note, and a plea of payment was interposed.

On the trial evidence was introduced to the effect that immediately after it was effected Rogers notified Otis of the settlement with Maurer for the feed purchased, and Otis agreed with Rogers to return the note to Maurer. Numerous circumstances were proved tending to establish the fact that Otis acted for the bank in reference to different matters connected with the cattle transactions disclosed, including the satisfaction of the note in controversy. The court instructed the jury that, if Otis in fact represented the bank, the bank would be bound by his conduct. The jury found for Maurer, and complaint is now made of the evidence referred to and the instruction of the court concerning it.

From the foregoing statement it is apparent that the real question in the case is that of the sufficiency of the evidence to sustain the verdict. The instruction of the court was correct, upon the theory under which the evidence was offered, and the evidence was proper under the same theory. It is the opinion of the court that the record discloses some substantial evidence from which it fairly may be inferred that the bank was bound. Therefore, the judgment of the district court is affirmed.